# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DARYL HARMON,                           ) NO. CV 19-1769-TJH(E)
                                        )
       Petitioner,                      )
                                        )
   v.                                   ) ORDER OF DISMISSAL
                                        )
RON RACKLEY, Warden,                    )
                                        )
       Respondent.                      )
_____)


    Petitioner filed a "Petition for Writ of Habeas Corpus By a
Person in State Custody" on March 11, 2019.  The Petition seeks to
challenge a 1994 Los Angeles Superior Court criminal judgment
(Petition, p. 2).


    Petitioner previously challenged this same Superior Court
judgment in a prior habeas corpus petition filed in this Court.  See
Harmon v. Terhune, CV-99-2339-TJH(CT).  On August 6, 1999, this Court
entered Judgment in Harmon v. Terhune, CV-99-2339-TJH(CT), denying and
dismissing the prior petition with prejudice as untimely.  The United
States Court of Appeals for the Ninth Circuit denied Petitioner's

request for a certificate of appealability on February 14, 2000.[1]

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). The dismissal of a habeas petition as untimely "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals. Consequently,

---

[1] The Court takes judicial notice of the docket in Petitioner's appellate case, Harmon v. Terhune, United States Court of Appeals for the Ninth Circuit case number 99-56419, available on the PACER database at www.pacer.gov. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

this Court cannot entertain the present Petition.  See Burton v. Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).[2]

Petitioner's attempt to focus on the state courts' post-conviction rulings does not avoid the "second or successive" bar.  At base, Petitioner still seeks to avoid the consequences of the Superior Court sentence he is being compelled to serve.  Moreover, contrary to Petitioner's arguments, "federal habeas relief is not available to address alleged procedural errors in state post-conviction proceedings."  Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998), cert. denied, 526 U.S. 1123 (1999); see Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989) (holding that allegations of error in state's post-conviction review are not addressable through habeas corpus proceedings); cf. 28 U.S.C. § 2254(a) (limiting federal habeas corpus relief to cases in which there has been a "violation of the Constitution or laws or treaties of the United States").  More specifically, the summary nature of a state court's ruling on a habeas corpus petition does not offend the federal constitution.  See, e.g., Owens v. Nool, 2010 WL 144364 (N.D. Cal. Jan. 5, 2010) (dismissing habeas petitioner's claim that the California Court of Appeal "erred in failing to state, in a written

---

[2]    This Court rebuffed two previous attempts by Petitioner to bring a "second or successive" petition challenging the 1994 Los Angeles Superior Court judgment.  See Harmon v. Hill, CV 14-5938-TJH(E); Harmon v. Rackley, CV 15-9192-TJH(E).

opinion, its reasons for denying petitioner's petition"); <u>Stewart v.</u>
<u>Sisto</u>, 2008 WL 5178835, at *1 (E.D. Cal. Dec. 10, 2008) ("there is no
federal constitutional prohibition preventing state courts from
disposing of [the petitioner's] post-conviction claims in a summary
fashion.  Nor is there a federal requirement that state courts
consider post-conviction claims with a full discussion of the
merits").

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.[3]


LET JUDGMENT BE ENTERED ACCORDINGLY.[4]


DATED: March 20, 2019.

_____
TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE


PRESENTED this 14th day of
March, 2019, by:


_____/s/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3]     In light of this disposition, Plaintiff's request for the appointment of counsel is denied.  See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir.), cert. denied, 479 U.S. 867 (1986).

[4]     Ninth Circuit Rule 22-3(a) provides that "if a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."  Assuming arguendo that the conflict between 28 U.S.C. section 2244(b) and Rule 22-3(a) does not invalidate the latter, dismissal rather than "reference" still would be appropriate herein.  It is apparent that Petitioner submitted the present Petition to a federal district court intentionally rather than mistakenly.